IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-67,697-03 & -04






EX PARTE CHESTER KENNEDY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 114-1325-06-B IN THE 114TH DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering with
evidence and of theft by a public servant and sentenced to ten years' imprisonment.

 Applicant contends that his counsel rendered ineffective assistance because, inter alia,
counsel failed to timely file notice of appeal. Applicant has alleged facts that, if true, might entitle
him to relief, and the record includes what appears to be an affidavit from counsel admitting that she
failed to timely file notice of appeal. However, the trial court has made no findings as to whether
the affidavit was actually submitted by counsel or whether the affidavit is credible. If additional
evidence is needed to make this determination, the trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 The trial court shall make findings of fact as to whether Applicant was denied his right to a
meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 19, 2008

Do not publish